## Rhoads *v.* Megonigal.

1. A bond or note cannot be levied on and sold by the sheriff; nor will such sale and delivery pass any title.
2. *Semble:* a note deposited in pawn may be attached as a debt under an attachment and execution against the owner; but it is proper to return specifically what goods, &c., were attached. Per Rogers, J.

Error to the Common Pleas of Westmoreland county.

Rhoads, to the use of A. Cannon, brought debt on a single bill, the title to which was deduced by the records of a judgment against Rhoads, the plaintiff, an execution and levy on the note in the hands of John Cannon, and a sale to A. Cannon. It was then shown that the note had been deposited as a collateral security in the hands of John Cannon; that after the levy, but before the sale, an attachment in execution on a judgment against Rhoads had been executed by a return of "served as to Rhoads," and "on Megonigal," the drawer, "by reading and copy." The defendant withdrew his plea of payment, and pleaded this attachment specially.

It was shown that Rhoads had never given any express assent to the sale to the present plaintiff, nor did he give any notice, though present at the sale.

The court, after instructing the jury on the effect of Rhoad's con-
duct, told them that independent of that, the rights of the creditors
having attached previous to the sale, it could produce no effect on
them.

*Armstrong,* for plaintiff in error.—The note, being pawned, was sub-
ject to levy and sale like any other chattel, and being deposited for an
indefinite time, it was the duty of the pawnee to give notice to the
owner; Delisle *v.* Priestman, 1 Brown. 176; and not having done so,
the title passed as in a sale by the agent.    2 Dow. & Ry. 270; Chalmers
*v.* Pope, 2 Barn. & Ald. 695.    The remedy is against the pawnee for
delivering, Owen's Rep. 123; Anon., 2 Salk. 522; Coggs *v.* Bernard,
3 Salk. 268; Thompson *v.* Patrick, 4 Watts, 414.    Nor was there any
violation of his duty; and this amounted to an equitable assignment.
United States *v.* Vaughan, 3 Bin. 294; Caldwell *v.* Vance, Id. 400,
cited; Croser *v.* Craig, 1 W. C. C. Rep. 424.

Nothing was in fact attached in the hands of the pawnee; he did not
hold a debt but a chattel, an evidence of the debt of a third person.
To enable the court to render judgment, the specific goods must be
returned.    Ninian *v.* Ward, 1 Watts & Serg. 82; Barns *v.* Billington,
1 W. C. C. Rep. 29.

The knowledge of Rhoads without dissent was sufficient to estop
him.    Epley *v.* Witherow, 7 Watts, 163.

The plea was bad, as to defend himself a party must show he has
been compelled to pay the money; Lowry *v.* Lumberman's Bank,
2 Watts & Serg. 214; Irvine *v.* Lumberman's Bank, 2 Watts & Serg.
190; and the plea is only in abatement, Chenango *v.* Jones, W. C.
C. Rep. 359.

*Nicholls,* contrà.—A note is not the subject of levy and sale; it has
been frequently decided that such things cannot be seized, any more
than bank notes could, before the statute.

ROGERS, J.—That a bond or note cannot be levied on and sold at
judicial sale as a chattel, is too plain to admit of argument.    But it is
said that it was delivered to the constable for that purpose, by John
Cannon, with whom it had been deposited as collateral security for a
debt owing to him by Adam Rhoads.    But what authority had he to
deliver it to the officer to satisfy the debt of another?    It was not put
into his hands for that purpose, but as a collateral security only.    He
has no express authority, as must be conceded; and what implication
can arise from his character of pledgee, we cannot comprehend.    That
Rhoads gave no express consent, is granted; but it is contended, that

as he was present at the constable's sale, and did not give notice of his dissent, his right became vested in Cannon. But he was not bound to give notice, for Cannon was just as competent to judge of the right of the constable to sell a chose in action as Rhoads; and admitting there was a mutual mistake as to the law, unless Rhoads encouraged Cannon to purchase, his right cannot be affected. But this is not pretended. Rhoads, it is true, was present at the sale, but no express assent is shown, nor is there any implication of assent; on the contrary, it appears it was sold contrary to his wish, Rhoads saying it was a bad piece of business, but that he was so encumbered at the time that he could not avoid it. But the plaintiff contends the court were wrong in their instruction as to the attachment; that the court took it for granted the note was attached, whereas the return of the attachment merely sets out that the writ was served on John Megonigal by reading and copy, and on Rhoads in the same way; the officer does not set out that he attached the note, as he should have done. This is clearly a blunder. It appears, however, that in truth the note was attached, although it is not noted in the return. On the trial, it must be remembered, no objection was taken on that ground, for neither the counsel nor the court adverted to the return. Under these circumstances, we do not think ourselves bound to reverse a just judgment for a slip of this kind, and particularly where it is apparent that in another trial it must result in the same way. On the whole record it is plain that Alexander Cannon, who purchased at the constable's sale, and for whose use this suit is brought, acquired no title to the note.

Judgment affirmed.