OCTOBER AND NOVEMBER TERM, 1880, No. 155.

## Garrison *versus* Paul.

1. There is no equitable doctrine which dispenses with the rule that a defendant's right to set-off must be perfect at the time the suit is instituted.

2. A surety has no action for contribution against his co-surety, either at law or in equity, until he is obliged to pay the debt.

3. Therefore an offer by defendant in an action of debt to prove that plaintiff and defendant were both sureties for a third party, in a note upon which

[Garrison *v.* Paul.]

judgment was entered before the present suit was instituted, that since the present suit was commenced there had been a levy and sale of defendant's goods under the said judgment, and that both plaintiff and the principal were insolvent at the time of the trial, was properly rejected.

ERROR to the Court of Common Pleas of *Greene County.*

Debt by David H. Paul against Daniel Garrison, commenced April 21st, 1876, upon an award of arbitrators for the sum of $612.25, which award was made December 30th, 1875, in favor of the plaintiff against the defendant.

The pleas were payment, payment with leave, etc., and set-off, with notice of special matter.

Upon the trial in the Court below, before WILLSON, J., the defendant offered the following testimony :

" Defendant offers to prove that the Farmers' and Drovers' National Bank, of Waynesburg, held a judgment-note against Jesse Steel, David H. Paul, and Daniel Garrison, for $800, dated November 2d, 1875, payable to said bank ninety days after the date thereof ; that Jesse Steel was the principal debtor in said note, and that Daniel Garrison and David H. Paul were his sureties therein ; that on April 17th, 1876, the bank caused judgment to be entered on said note in this Court, No. 59 of June Term, 1876, and on the same day execution was issued thereon, No. 18 of June Term, 1876, which execution was, on the same day, placed in the hands of the sheriff, with the direction of the attorney of the bank to make the money off the defendant, Daniel Garrison ; that on April 22d, 1876, the sheriff, by virtue of the said execution, levied upon certain goods of the defendant, Garrison, and, after advertising, sold the same at sheriff's sale on May 8th, 1876, for $1341, out of which proceeds the said judgment and execution were fully paid ; that at the maturity of said note Jesse Steel was insolvent, and has remained so, and that David H. Paul is also insolvent.  This for the purpose of showing that there existed, at the time this suit was brought, such a liability from the plaintiff, Paul, to the defendant, Garrison, to contribute to the payment of that judgment, as constitutes an equitable defence in this suit to the extent of one-half of the amount collected off the defendant, Garrison, on said execution."

Plaintiff objected to this offer, and the Court sustained the objection.  Whereupon defendant took an exception.

October 14th, 1879, verdict for the plaintiff for $660.56, upon which judgment was subsequently entered.

Defendant took a writ of error, assigning as error the rejection of the above testimony.

*Garrison* and *Knox* for plaintiff in error.

[Garrison *v*. Paul.]

The judgment was entered, and execution was in the hands of the sheriff, before plaintiff brought this suit, but the levy and sale were made afterwards. The offer was to prove the liability of plaintiff and the fact of the insolvency, at the time of the trial, of both Steel and plaintiff. Unless defendant can set-off his claim, he is without remedy.

Equity will, under special circumstances, allow set-off where none can be admitted at law: Wrenshall *v*. Cook, 7 Watts, 464; Waln *v*. Hewes, 5 S. & R. 470; Rawson *v*. Samuel, 1 Craig & Phillips, 161; Waln's Assignee *v*. Bank of North America, 8 S. & R., 88; Ryall *v*. Rowles, 1 Vez., 375. May we not conclude that the liability which the plaintiff and defendant assumed to each other when they became co-sureties, which liability existed at the time of suit, is within the meaning of the word *bargain* used in the defalcation act? Agnew *v*. Bell, 4 Watts, 31; Dunlop *v*. Speer, 3 Binney, 169; Heck *v*. Shener, 4 S. & R., 249.

Defendant's claim to relief rests upon the equity of a surety, that equity being fortified by the fact of plaintiff's insolvency.

It has been held that insolvency furnishes equitable ground for chancery interference to compel set-off: Simson *v*. Hart, 14 Johnson, 63; Sewall *v*. Sparrow, 16 Mass., 24; Lyman *v*. Estes, 1 Greenl., 182; Peters *v*. Soame, 2 Vern., 428; Smith *v*. Felton, 43 N. Y., 419; Brewer *v*. Norcross, 2 C. E. Greene, 219; Reppy *v*. Reppy, 46 Miss., 571; Field *v*. Oliver, 43 Mo., 200; Hamilton *v*. Van Hook, 26 Tex., 302; Riddick *v*. Moore, 65 N. C., 382.

The doctrine of equitable set-off is enforced in this State: Beaver *v*. Beaver, 11 Harris, 167; Thompson *v*. McClelland, 5 Casey, 475; Croft *v*. Moore, 9 Watts, 453; Fleming *v*. Beaver, 2 Rawle, 128; Lathrop & Dale's Appeal, 1 Barr, 512; Gossin *v*. Brown, 1 Jones, 527; Springer's Adm'rs *v*. Springer et al., 7 Wright, 518; Mosier's Appeal, 6 P. F. Smith, 76; and Hess's Estate, 19 Id., 272.

*C. A. Black* for defendant in error.

A set-off will not be allowed of a debt or claim which did not exist at the time the plaintiff brought his suit. Defendant must be able to show that the claim was then his, and that he had a right of action upon it against the plaintiff: Morrison *v*. Moreland, 15 S. & R., 61; Stewart *v*. Insurance Co., 9 Watts, 126; Huling *v*. Hugg, 1 W. & S., 418.

It must be complete when the action was instituted: Pennel *v*. Grubb, 1 Harris, 552; Smith *v*. Ewer, 10 Harris, 116. Equity follows the same rule as to set-off: Van Beuren *v*.

[Appeal of Samuel Plumer *et al.*]

Van Gaasbeck, 4 Cowen, 496 ; Duncan *v.* Lyon, 3 Johnson Ch. Rep., 351 ; Dougherty *v.* The Bank, 9 W. N. C., 1.

There is no mutuality between plaintiff's claim and the demand proposed to be set-off. The distinction between the rights of a surety and his principal, and the right of a surety against his co-surety is obvious. A surety is without remedy against his co-surety until he has paid more than his share of the debt.

NOVEMBER 25TH, 1881.—PER CURIAM : It is certainly well-settled law that a defendant's right to a set-off must be perfect at the time the suit is instituted. We know of no doctrine of equitable set-off which dispenses with this rule. A surety has an action against his principal before being actually compelled to pay the money, because he could file a bill in equity for indemnity. But there can be no action for contribution between co-sureties, either at law or in equity, until the surety is obliged to pay the debt.

Judgment affirmed.