The Tradesmen's Building & Loan Association, No. 3, of Philadelphia, Appellant, v. Mary Ann Maher et al.

*Execution—Interest in fire insurance not subject to levy under a fieri facias.*

A chose in action cannot be levied upon and sold under a fieri facias. Where under a fi. fa. the sheriff has levied upon all the right, title and interest of defendant in and to a policy of fire insurance issued in her name the court may set aside the levy, but it is error to quash the writ to which plaintiff was entitled.

Argued Oct. 10, 1898.  Appeal, No. 210, Oct. T., 1897, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 371, setting aside a pluries fi. fa. issued by plaintiff against defendants.  Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.  Reversed.

Rule to set aside pluries fi. fa.  Before the court in banc.

It appears from the record that judgment had been entered by plaintiff on a bond and warrant for $2,700, which by reassessment had been reduced to $673.63.  On April 7, 1897, a pluries fi. fa. was issued upon which the sheriff levied upon the right, title and interest of defendant in a policy of fire insurance.  Defendant took a rule on plaintiff to show cause why the pluries fi. fa. should not be quashed, the levy made by virtue

thereof set aside and abandoned, and why all proceedings there-under should not be quashed and declared of no virtue and effect, which rule the court below made absolute. Plaintiff appealed.

*Error assigned* was making absolute defendant's rule to set aside plaintiff's writ of pluries fi. fa. and in setting aside the same and the levy made thereunder.

*John H. Sloan,* for appellant.—That the sheriff may lawfully levy upon and sell such a right, title and interest has never, in respect to that particular subject, been decided, we believe, in Pennsylvania, but it has been decided that similar subjects can be levied upon and sold, and that independently of statutes specially applying; for instance, partnership interests, where, although there is the special Act of April 8, 1873, P. L. 65, that act has been decided to be only declaratory of the pre-existing law: Dengler's Appeal, 125 Pa. 12.

Interests in leaseholds may be levied on and sold: Dalzell v. Lynch, 4 W. & S. 255; Sowers v. Vie, 14 Pa. 99; Williams v. Downing, 18 Pa. 60; Kile v. Giebner, 114 Pa. 381.

*Jas. R. Grier,* for appellees.—There is but one question before this court upon this appeal, to wit: " Can a sheriff under a writ of fieri facias levy upon and sell the 'right, title and interest' of a defendant in a policy of fire insurance?" A policy of fire insurance is a chose in action and cannot be levied upon for the reason that a fieri facias can be executed only upon goods, chattels, etc., and choses in possession which are the subjects of involuntary alienation: Lowry v. Coulter, 9 Pa. 349; Dalzell v. Lynch, 4 W. & S. 255.

In such case as this execution must be by attachment under the Act of June 13, 1836, P. L. 606; Early's Appeal, 89 Pa. 411; Eby v. Guest, 94 Pa. 160.

OPINION BY W. D. PORTER, J., January 18, 1899:

In this case there was a judgment, in all respects regular, which the defendants had unsuccessfully attacked, the court having discharged one rule to open the judgment and another to set it aside. The plaintiff being entitled to execution issued

a pluries fi. fa. on April 7, 1897, and, by direction of the plaintiff, the sheriff levied upon "the right, title and interest of Mary Ann Maher in and to a policy of fire insurance issued in her name by the Fire Insurance Company, of the county of Philadelphia, being No. 3909, for $5,000.00." On motion of defendants the court granted a "rule on plaintiff to show cause why the pluries fieri facias should not be quashed, the levy made by virtue thereof set aside and abandoned, and why all proceedings thereunder should not be quashed and declared of no virtue and effect." Under this rule the defendants took testimony from which it clearly appears that the policy of insurance in question was issued on February 26, 1887, to secure the said Mary Ann Maher against loss or damage by fire to certain property owned by her. On the same day upon which the policy was issued, it was assigned by Mary Ann Maher to the Real Estate Title Insurance and Trust Company of Philadelphia, as collateral security for a mortgage, made by her to said company, upon the same property, and upon the face of the policy was noted "Loss, if any, payable to The Real Estate Title Insurance and Trust Company of Philadelphia, mortgagee." The policy remained in possession of the mortgagee for ten years prior to the attempted levy under plaintiff's writ, at which time there was still a balance of $4,000 due upon the mortgage, as collateral for which the policy was held. Upon this state of facts the court of common pleas made absolute the rule upon plaintiff above recited, which order is here assigned for error.

For the purposes of this case it is not necessary to consider the effect of the assignment of the policy of insurance to the trust company. Assuming that the execution defendant was the sole owner of the policy, and the only party beneficially interested in the contract of insurance of which the policy was evidence, her property therein was a mere chose in action. In case of loss by fire she had a right to compensation from the insurance company, under the contract, and in the event of cancelation of the policy, she had a right to have returned to her a portion of the premium. In either event, she simply had a right to recover money upon a contract which could not be enforced against a reluctant party without suit. That choses in action cannot be levied upon and sold under a fieri facias

is well settled: Dundas v. Dutens, 1 Vesey Jr. 196; Rickert v. Maderia, 1 Rawle, 325. In the case of Rhoads v. Megonigal, 2 Pa. 39, it was said that this is too plain to admit of argument, and it was there held that such a sale and delivery thereunder passed no title. It was manifestly proper for the court below to confine the execution of its writ within the limits fixed by law, and there was no error in the order setting aside the levy. Unfortunately the defendant, in seeking relief from an irregular levy, obtained a rule which attacked the writ of fieri facias. In the affidavit of defendant, filed for the purpose of obtaining the rule, there is the bold assertion that she was "advised and believes that said pluries fieri facias has been improvidently and unlawfully issued." The rule required the plaintiff among other things to "show cause why the pluries fieri facias should not be quashed." The defendant then took testimony, but there is nothing in the record which in any way challenges the right of the plaintiff to have his writ of execution in the form in which it issued. The only question argued in this court and, presumably, in the court below was the regularity of the levy; but the question of plaintiff's right to his execution was squarely raised by the record. The court below, no doubt inadvertently, made the rule absolute without qualification; thus striking down an execution, in proper form, to which plaintiff was entitled. This part of the order was erroneous: Patterson v. Patterson, 27 Pa. 40. The plaintiff is entitled to have execution upon its judgment by appropriate writ.

The judgment of the court below is affirmed in so far as it set aside the levy; and in so far as said judgment quashed the writ of pluries fieri facias the same is reversed at costs of the appellee.