# Pocono Spring Water Ice Company v. American Ice Company, Appellant.

*Landlord and tenant—Covenants of lease—Assumption of unperformed contract.*

Where a tenant agrees in his lease to assume an unperformed contract of the lessor, but makes default thereon, and judgment is recovered against the lessor for the breach, and the sheriff's return shows a payment of the judgment, the lessor may maintain an action of assumpsit against the lessee for the loss.

*Evidence—Fraud—Presumption.*

Fraud is never presumed but must be established either by direct proof, or by facts clearly proved sufficient to warrant a presumption of its existence.

*Landlord and tenant—Covenant for quiet enjoyment—Agreement to assume unperformed contract—Set-off.*

In an action by a landlord against his tenant for a breach of the covenant in the lease to assume an unperformed contract, damages for a breach of the covenant for quiet enjoyment cannot be set off where it appears that there had been no eviction at the impetration of the writ.  In such a case no set-off will be allowed for a breach of the covenant to keep the premises in repair where no competent evidence is submitted to the jury as to the amount of the loss from the breach of the covenant.

*Corporation—Trading corporation—Expiration of charter—Act of May 21, 1881, P. L. 30.*

A corporation chartered for the purpose of erecting a dam and for the cutting, storing and selling of ice is a trading corporation within the meaning of the Act of May 21, 1881, P. L. 30, entitled "An Act to enable mining, manufacturing and trading companies to wind up their affairs, after the expiration of their charter."

The Act of May 21, 1881, P. L. 30, applies to all trading corporations whose business has ceased or terminated for any cause whatever, and is not confined to corporations whose charters have expired by express limitation. It applies to a corporation whose property and franchises have been sold under execution.

The statute is remedial and is therefore to be extended to cases in equal mischief.

Argued March 5, 1906.    Appeal, No. 218, Jan. T., 1905, by defendant, from judgment of C. P. Monroe Co., Sept. T., 1903, No. 3, on verdict for plaintiff in case of The Pocono Spring Water Ice Company v. The American Ice Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

At the trial it appeared that the Pocono Spring Water Ice Company was incorporated on October 7, 1895, and that the certificate for its charter contained the following clauses:

" 2. Said corporation is formed for the purpose of erecting a dam on Tunkhannock creek in. Tobyhanna township, Monroe county, Pennsylvania, for pleasure boating, skating, fishing and the cutting, storing and selling of ice.

" 4. Said corporation is to exist for the term of perpetual years."

On October 19, 1899, the plaintiff leased to the defendant real estate covered by water constituting a dam or pond at a

rental of $7,500 per year.   The defendant also agreed to assume an unperformed contract by which the plaintiff was to furnish Van Orden Brothers with a certain quantity of ice during the seasons of 1899 and 1900.   Defendant failed to perform this contract, and Van Orden Brothers sued the plaintiff and recovered a judgment which the sheriff's return showed was paid.

Other facts are stated in the opinion of the Supreme Court. The court directed a verdict for the plaintiff.

Verdict and judgment for plaintiff for $12,575.12.   Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*F. B. Holmes,* with him *Wilton A. Erdman,* for appellant.— The covenant for quiet enjoyment was broken when a partial deprivation ensued from the lawful acts of a paramount claimant: Duff v. Wilson, 69 Pa. 316; Hoeveler v. Fleming, 91 Pa. 322.

Any wrongful act of the landlord which may result in an interference with the tenant's possession in whole or in part amounts to an eviction: Oakford v. Nixon, 177 Pa. 76; Mathews v. Gas Co., 179 Pa. 165; Miller v. Wilson, 24 Pa. 114.

Loss of possession ensuing on a sheriff's sale constitutes an eviction: Brown v. Dickerson, 12 Pa. 372; Gallagher v. Burke, 13 Pa. Superior Ct. 244.

That this sheriff's sale worked a complete dissolution of the plaintiff company admits of no manner of doubt: Reynolds v. Cridge, 11 Pa. C. C. Rep. 306; Com. v. Pa. & W. R. R. Co., 17 Phila. 609; Reifler v. Plank Road Co., 1 Pa. C. C. Rep. 64.

At common law the inevitable consequences of such dissolution were the total extinguishment of all debts due to and from the corporation and its total disability to sue or to be sued is abundantly established: 1 Bl. Com., marginal p. 484; 2 Kent's Com. p. 307; Cooper v. Oriental Savings and Loan Association, 100 Pa. 402; North Lebanon Boro. v. Arnold, 47 Pa. 488; North Whitehall Overseers v. South Whitehall Overseers, 3 S. & R. 117; Dean's Appeal, 98 Pa. 101; U. S. v. Alexander, 4 Cranch C. C. 311; Smith v. Chesapeake and Ohio

Canal Co., 39 U. S. 45; Hockage Mutual Ins. Co. v. Becker, 1 W. N. C. 100; Bank v. Little, 8 W. & S. 207; Building Assn. v. Anderson, 7 Phila. 106; In re Credit Mobilier, 10 Phila. 2; Hays v. Lycoming Fire Ins. Co., 99 Pa. 621; Angell and Ames on Corporations, sec. 779.

The plaintiff was not a trading corporation: In Re Elk Park Mining & Milling Co., 101 Fed. Repr. 422; In re N. Y., etc., Water Co., 98 Fed. Repr. 711; Com. v. Pottsville Iron & Steel Co., 157 Pa. 500; Com. v. Pocono Mountain Ice Co., 23 Pa. Superior Ct. 267; Com v. Potter, Sons & Co., 159 Pa. 583; Williams v. Warren, 64 L. R. A. 33.

The charter of the company has not expired within the meaning of the act of 1881: Swan Land & Cattle Co. v. Frank, 148 U. S. 603 (13 Sup. Ct. Repr. 691); Cooper v. Savings & Loan Assn., 100 Pa. 402; Journeay v. Gibson, 56 Pa. 57; Fulmer v. Com., 97 Pa. 503; Com. v. Cuncannon, 3 Brewster, 344; Com. v. Krickbaum, 199 Pa. 351; Brewing Co.'s License, 12 Pa. Superior Ct. 176.

*A. M. Palmer* and *W. S. Kirkpatrick,* with them *Aaron Goldsmith,* for appellee.—Fraud is always a serious charge, and it is never to be presumed: Jones v. Lewis, 148 Pa. 234; Battles & Webster v. Laudenslager, 84 Pa. 446; Lanigan v. Kille, 97 Pa. 120; Mead v. Conroe, 113 Pa. 220; Hagy v. Poike, 160 Pa. 522; Merchants', etc., Nat. Bank of Pittsburg v. Tinker, 158 Pa. 17.

A valid set-off must be of a debt or demand due at the time of the commencement of the action in which it is interposed. If the claim is not then ripe for action it cannot be set off: Roig v. Tim, 103 Pa. 115; Gunnis, Barritt & Co. v. Cluff, 111 Pa. 512; Garrison v. Paul, 1 Penny. 380; Zuck v. McClure, 98 Pa. 541; Riley v. Eigo, 1 Pa. Superior Ct. 139; Pennell v. Grubb, 13 Pa. 552; Wood v. Sharpless, 174 Pa. 588; Penn. Iron Co. v. Diller, 113 Pa. 635.

We contend that the covenant for quiet enjoyment and the agreement on the part of the defendant to assume the Van Orden contract are absolutely separate, independent, and have no relation to each other. For the breach of either the injured party would have a right of action without regard to the performance on the part of the other of its covenant: Wright

v. Smyth, 4 W. & S. 527 ; Bredin v. Agnew, 3 W. & S. 300 ;
Lippincott v. Low, 68 Pa. 314 ; Weaver v. Sessions, 6 Taunt.
154 ; Bradley v. Trust Co., 7 Pa. Superior Ct. 419 ; Prescott
v. Otterstatter, 85 Pa. 534 ; McConaghy v. Pemberton & Co.,
168 Pa. 121.

Plaintiff was a trading corporation : Richie v. McCauley, 4
Pa. 471 ; In re Master Granite & Blue Stone Cutters' Assn.,
23 Pa. C. C. Rep. 517 ; May v. Sloan, 101 U. S. 231 ; Farm-
ingdale v. Berlin Mills Co., 45 Atl. Repr. 39.

The act in question is a remedial statute, and as such it is
to be construed liberally : Endlich on Interpretation of Statutes,
sec. 107 ; Hassenplug's App., 106 Pa. 527 ; Quinn v. Fidelity
Beneficial Assn., 100 Pa. 382 ; Dame's App., 62 Pa. 417 ; Hart-
man's App., 107 Pa. 327 ; Lehigh Bridge Co. v. Lehigh Coal
& Nav. Co., 4 Rawle, 9 ; Com. v. Fraim, 16 Pa. 163.

OPINION BY MR. JUSTICE MESTREZAT, April 9, 1906 :

This is an action of assumpsit to recover damages for the
breach of the defendant company's covenant in the contract
between it and the plaintiff company to perform the agreement
which the latter had made with Van Orden Brothers to furnish
ice to them during the seasons of 1899 and 1900. The defend-
ant did not deny its covenant nor the failure to observe it. It
however set up several defenses which the learned court below
correctly held to be insufficient and the jury was instructed to
render a verdict for the plaintiff. It is not necessary to discuss
separately the numerous assignments, many of which raise the
same questions, and we must disregard the pleadings in so far
as they do not comply with the practice act of 1887. This
eliminates from the case some of the questions suggested, and
much of the argument contained, in the appellant's paper-book.

The recovery of a judgment by Van Orden Brothers against
the Pocono Spring Water Ice Company for the default of the
American Ice Company gave the Pocono company a right of
action against the latter company and justified a verdict and
judgment for the amount which the Pocono company was com-
pelled to pay. The liability of the Pocono company was fixed
by the judgment, and the return of the sheriff to an execution
thereon showed that the money had been paid. There was no
evidence to warrant any other inference or conclusion than

that the plaintiff company in this action, or its property, had satisfied the judgment recovered against it for the breach of the Van Orden contract.

The learned court was clearly right in declining to submit to the jury the .question whether the American Ice Company had been evicted from the leased premises by the fraud of the Pocono company. There was not a scintilla of evidence in the case to sustain the defendant's allegation of fraud. The acts or circumstances suggested as evidence of fraud were not sufficient to create in an unbiased mind even a suspicion of wrong. They are constantly occurring in transactions of this character and are regarded as perfectly proper and legitimate. As has been repeatedly said, fraud is never presumed, but must be established either by direct proof or by facts clearly proved sufficient to warrant a presumption of its existence.

The covenant for quiet enjoyment was a distinct and independent covenant from that of the defendant to assume the Van Orden Brothers contract: Wright v. Smyth, 4 W. & S. 527; Obermyer v. Nichols, 6 Binney, 159; Fame Insurance Company's Appeal, 83 Pa. 396. A breach of the covenant was not a bar to this action by the plaintiff: Obermyer v. Nichols, supra. If, however, at the time the action was brought, the defendant company had suffered any damages by reason of the failure of the plaintiff company to perform its covenant for quiet enjoyment it could recoup the damages sustained by reason of the default. No fraud or bad faith having been shown on the part of the plaintiff, the defendant could not recover the value of the improvements it made on the premises for the prosecution of its business: Lanigan v. Kille, 97 Pa. 120. Nor can we see how, under the circumstances and evidence in the case, the defendant can in this action avail itself of any damages sustained by reason of the eviction. Notice to the defendant company to surrender possession of the leased premises was served after this action was brought, and it was not required to, and did not, remove from the premises until three months thereafter. There was, therefore, no eviction at the impetration of the writ in this case. There had been no interference with the defendant's beneficial enjoyment of the demised premises up to that date, and consequently no eviction. It follows that there could be no set-off in this action for a

breach of the covenant for quiet enjoyment. A set-off is in the nature of a cross demand and, being incomplete at the impetration of the writ, is not available to the defendant in this action : Roig v. Tim, 103 Pa. 115; Gunnis, Barritt & Co. v. Cluff, 111 Pa. 512; Zuck v. McClure, 98 Pa. 541; Garrison v. Paul, 1 Penny. 380. If, however, the defendant company's claim for damages was ripe for action and was enforceable by way of set-off, it produced no competent evidence under the facts disclosed on the trial to prove the claim. The evidence offered was properly excluded by the trial judge.

A like trouble arose when the defendant company attempted to prove the loss it had sustained by reason of the failure of the plaintiff to comply with its covenant to keep the premises in repair. Whatever damages the defendant suffered by reason of this default, it was entitled to set off in this action. It first conceived the measure of damages to be the value of the repairs which it had made, but it failed to show the amount it had expended for repairs and hence the jury was given no data from which it could find a verdict. Subsequently the defendant called a witness to show the difference in the rental values of the premises by reason of the failure of the plaintiff to perform its covenant to repair. If that was the proper measure of damages, the difference was not shown, as the only witness offered for the purpose was properly held to be incompetent and his evidence was excluded.

We do not agree with the contention of the defendant that the plaintiff company was prevented from maintaining this action by reason of the sale of its property and franchises made on the Fulmer execution. The plaintiff was clearly a corporation for "trading purposes" whose charter had expired, within the purview of the Act of May 21, 1881, P. L. 30. That act is entitled "An act to enable mining, manufacturing, and trading companies to wind up their affairs, after the expiration of their charters." It provides that "all corporations for mining, manufacturing or trading purposes, . . . . whose charters may have expired, or may hereafter expire, may bring suits and maintain and defend suits already brought for the protection and possession of their property and the collection of debts and obligations owing to or by them, and sell, convey and dispose of their property, and make title therefor as fully

and effectually as if their charters had not expired." The act authorizes the officers last elected to represent the corporation for such purposes, and declares that its purpose is to enable the corporations " to realize and divide their assets and wind up their affairs." The defendant contends that the plaintiff was not a trading corporation and that its charter had not expired within the intendment of the act of 1881. But that interpretation of the statute is entirely too narrow to carry out the manifest purpose of the legislature in enacting it. The plaintiff was incorporated for the purpose of erecting a dam in a creek in Monroe county " for . . . . the cutting, storing and selling of ice," and during its corporate existence was engaged in that business. The word " trade " is amply sufficient, as shown by the definitions of leading lexicographers and the decisions cited in the appellee's brief, to include a business of this character. The Standard Dictionary gives the following, among other definitions, of the word when used as a verb: " To dispose of by bargain and sale ; to engage in commerce or in business transactions of bargain and sale ; barter ; exchange ; traffic ; hence, to deal in something." " The word ' Trade,' in its broadest significance," says Mr. Justice Brad-ley in May v. Sloan, 101 U. S. 231, " includes not only the business of exchanging commodities by barter, but the business of buying and selling for money, or commerce and traffic generally." The word, it will be observed, is of very broad significance and clearly comprehends the business for which the plaintiff was incorporated and in which it engaged until dissolved by the sale on the Fulmer execution.

It is equally apparent, we think, that the act was intended to apply to all trading corporations whose business had ceased or terminated for any cause whatever, and was not confined to corporations whose charters had expired by express limitation. Why, it may be asked, should the legislature have enacted a remedy for the stockholders and creditors of a trading corporation whose charter had expired by limitation and not of a corporation whose charter rights had been extinguished by any other means? The evil was the same in both cases. So far as such interested parties are concerned the effect was the same, whether the corporation had expired by limitation or its property and franchises had been sold under execution. If this

statute is not operative in the latter class of cases, the large sum due the plaintiff corporation, involved in this suit, and any other claims it may have against solvent parties, will be retained by the debtors, whereas they could have been collected if the plaintiff corporation had been dissolved by the expiration of its charter. The necessity and reason for the protection of the stockholders and creditors are the same in both cases, of which the legislature was duly aware. The manifest purpose of the act was to afford a remedy in all cases, supposed not to exist at common law, where the life of a trading corporation expired or came to an end by any means whatever, in order that the parties interested might avail themselves of its assets. The statute is remedial and, therefore, is to be extended to cases in equal mischief: Umholtz's License, 191 Pa. 177. Such statutes " are to be construed giving the words the largest, the fullest, and most extensive meaning of which they are susceptible. The object of this kind of statutes being to cure a weakness in the old law, to supply an omission, to enforce a right, or to redress a wrong, it is but reasonable to suppose that the legislature intended to do so as effectually, broadly and completely, as the language used, when understood in its most extensive signification, would indicate." Endlich on Interpretation of Statutes, sec. 107.

The learned judge of the court below correctly disposed of the case and therefore the judgment is affirmed.