INTERNATIONAL COAL MINING CO. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. March 4, 1907.)

No. 25.

CORPORATIONS—EFFECT OF SALE OF PROPERTY UNDER PENNSYLVANIA STATUTE
—CHOSE IN ACTION.

A sale of the property of a corporation by a sheriff under a special writ of fieri facias, under the provisions of Act Pa. April 7, 1870 (P. L. 58), which authorizes the issuance of such writ on the return of an execution unsatisfied, and the sale thereunder of "any personal, mixed, or real property franchises and rights of such corporation" as such statute has been construed by the Supreme Court of the state, does not pass title to a claim for damages existing in favor of the corporation, and, on its subsequent adjudication as a bankrupt, a pending action on such a claim may be prosecuted to judgment by its trustee.

On Demurrer to Replication.

J. W. M. Newlin, for plaintiff.
Sellers & Rhoads and Francis I. Gowen, for defendant.

HOLLAND, District Judge. This suit was instituted May 13, 1905, for damages resulting in an unlawful discrimination against the plaintiff by the defendant in the shipment of coal over the latter's road. On July 11, 1905, the defendant pleaded not guilty and the statute of limitations. On October 7, 1905, by leave of court, the further plea was filed, as follows:

"And for·a further plea in this behalf the defendant,·by leave of court, says that the plaintiff ought not to have or maintain its said action, because, since the institution of the same, to wit, on September 29, A. D. 1905, in a certain action at law, in which· the Cresson & Clearfield Coal & Coke Company was plaintiff, and. the plaintiff herein, the International Coal Mining Company, was defendant, pending in the court of common pleas No. 1 for the county of Philadelphia to No. 3,588 June term, 1901, of which said action the said court of common pleas had jurisdiction, there duly issued, upon a judgment obtained therein by the plaintiff against the defendant, a writ of fieri facias, under and by virtue of which the sheriff of the county of Philadelphia duly and lawfully exposed to public sale or vendue on said September 29, 1905, all and singular the chartered rights, privileges, and franchises of the said International Coal Mining Company, plaintiff herein, including the franchise and right to be a corporation, together with all property, real, personal, and mixed, and all book accounts, claims, choses in action, causes in action, whether arising out of contracts, torts, or penalties, and assets of every description, belonging to, or in any way appertaining to said International Coal Mining Company, plaintiff herein, excepting only lands in fee, and thereupon sold the same to one Patrick H. Walls, all of which appears upon the records of the said court of common pleas No. 1 for the county of Philadelphia, as will appear by an inspection of the same."

·To the latter plea, the plaintiff replied, March 13, 1906, that no title to the suit in question passed to Patrick H. Walls under the sheriff's sale set forth in the plea, because subsequent to the sale, but within four months thereafter, the plaintiff corporation had been adjudged a bankrupt, and Edward D. McLaughlin appointed trustee in bankruptcy, who had,·with leave of court, intervened as plaintiff in this suit and is entitled to prosecute the same to judgment for the benefit of the creditors of the bankrupt estate. There were other matters set forth in this replication, which need not now be considered.

The defendant, on March 17, 1906, demurred to the plaintiff's replication, and assigned the following reasons therefor:

."(1) Because the plaintiff by its replication neither traverses the facts averred in the defendant's plea nor admits and avoids the same, but merely takes issue as to the legal effect of these facts and as to the conclusion to be deduced or drawn therefrom.

"(2) Because the adjudication of bankruptcy set forth and referred to in said replication cannot have the effect of annulling or voiding the sale previously made of the franchises of the plaintiff under the execution issued out of the court of common pleas No. 1 for the county of Philadelphia.

"(3) Because the facts set forth in said replication affecting the regularity of the proceedings of said court of common pleas No. 1 for the county of Philadelphia, which preceded the said sale of the franchises of the plaintiff, cannot be inquired of by this court, but are exclusively for the consideration of said court of common pleas No. 1 for the county of Philadelphia in a proceeding to set aside said sale."

This demurrer, technically speaking, raises the question as to whether whatever right or title Patrick H. Walls took to the claim in suit under the sheriff's sale was destroyed by reason of the bankruptcy proceedings. This question need not be considered, because in our judgment Patrick H. Walls acquired no interest whatever in this claim by virtue of the sheriff's sale.

The procedure mentioned in the above plea, under which the property was sold, was instituted under the Pennsylvania act of April 7, 1870 (P. L. 58). This act authorizes "the sheriff" or other officer to levy the amount of the judgment, with interest and costs of suit, on

"any personal, mixed or real property, franchises and rights of such corporation and thereupon proceed and sell the same." There is nothing in this act which authorizes the sale of a "claim for damages" such as is involved in this suit. In fact we do not think this kind of a claim or choses in action can be sold under this proceeding, and we are sustained in this view of the case by the Supreme Court of the state of Pennsylvania, in the case of Hogg's Appeal, 88 Pa. 195–197. In that case, it was urged upon the court that "the unpaid subscriptions to the stock of the company passed to the purchaser at sheriff's sale by virtue of the sale of the road and its franchises, free from any and all claims that the delinquent subscribers might have against the company." The court, in a per curiam opinion, held otherwise, and said: "The sale of the railroad property and franchises did not pass to the purchaser the debts or mere choses in action due to the company from others."

And again, so late as April 9, 1906, the Supreme Court of the state of Pennsylvania, in an opinion filed by Justice Mestrezat, in Pocono Ice Co. v. American Ice Co., 214 Pa. 640, 64 Atl. 398, holds that the sale of the property and franchises of a corporation does not dissolve or extinguish the existence of mining, manufacturing, and trading companies, since the Pennsylvania act of May 21, 1881 (P. L. 30), which expressly provides that:

"All corporations for mining, manufacturing or trading purposes, whose charters may have expired, or may hereafter expire, may bring suit and maintain and defend suits already brought for the protection and possession of their property and the collection of debts and obligations owing to them or any of them, and sell, convey and dispose of their property, and make title therefor as fully and effectually as if the charter had not expired."

The act authorizes the officers last elected to represent the corporation for such purpose, and declares that its purpose is to enable the corporations "to realize and divide their assets and wind up their affairs." The court holding the act applies to corporations whose property and franchises have been sold on execution, and although the property and franchises of the Pocono Company had been sold, it existed for the purpose of instituting suit against the American Ice Company to recover damages for breach of contract. The plaintiff did recover the judgment, and it was sustained.

The case in effect, therefore, holds that a claim, such as the one in the suit at bar, did not pass to the purchaser at the sheriff's sale of the property and franchises of the International Coal Mining Company on an execution against it. But whether or not the International Coal Mining Company could have maintained this suit after the sheriff's sale of its property and franchises on an execution authorized by the act of April 7, 1870, as an existing corporation, kept alive by virtue of the act of May 21, 1881, as suggested by the decision of the Supreme Court in Pocono Co. v. American Ice Co., supra, we need not consider, because it has been settled by the state court. This court has held that the International Coal Mining Company was not dissolved by the sheriff's sale, and on the involuntary petition properly adjudged a bankrupt. In re International Coal Mining Co. (D. C.) 143 Fed 665. This decision has been affirmed by the Circuit Court of Appeals in this

district in the case of Cresson & Clearfield Coal & Coke Co. v. Stauffer, 148 Fed. 981. Edward D. McLaughlin, trustee in bankruptcy, has, with leave of court, intervened, and is the present plaintiff, claiming the right to prosecute this suit to judgment.

Following the view taken by the court of last resort in the state of Pennsylvania, we hold that title to the claim involved in this suit did not pass to Patrick H. Walls by virtue of the sheriff's sale set forth in the special plea of the defendant, and that the trustee in bankruptcy properly appears as the plaintiff in this case.

The demurrer to the replication is overruled.