INTERNATIONAL COAL MINING CO. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. March 25, 1907.)

No. 69.

1. EXECUTION—PROPERTY SUBJECT TO EXECUTION—CHOSES IN ACTION.

Choses in action are subject to execution only when made so by statute or voluntarily given up to be sold on execution, and in Pennsylvania they are only subject to seizure and sale on an attachment execution provided for by Act June 16, 1836, § 32 (P. L. 767).

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, §§ 117, 118.]

2. CORPORATIONS—SALE OF PROPERTY ON SPECIAL WRIT—PENNSYLVANIA STATUTE.

Act Pa. June 7, 1870 (P. L. 58), providing for the issuance of a special writ of fieri facias on a judgment against a corporation after return of execution unsatisfied and the sale thereunder of "the personal, mixed or real property, franchises and rights of such corporation," as construed by the Supreme Court of the state, does not authorize the sale under such writ of a chose in action or claim in tort belonging to the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2120.]

On Rule to Strike from Trial List.

J. W. M. Newlin, for plaintiff.
Francis I. Gowen, for defendant.

HOLLAND, District Judge. The reasons for the motion to strike this case from the April trial list are the same as those raised by the demurrer, decided against defendant, in an opinion filed March 4, 1907. 152 Fed. 551. We have, however, permitted a reargument of the whole question, and after a patient re-examination of the questions raised, taking into consideration the new matters introduced, we still think the conclusion reached on the demurrer is just and sound, and that the rule to strike the case from the trial list must be dismissed. If the claim in suit be not included in the property sold under the special fi. fa., and no title to it passed to Walls, then the plaintiff still holds it and has a right to maintain the suit. Choses in action are subject to execution only when made so by statute, or are voluntarily given up to be sold on execution. 11 Am. & Eng. Ency. of Law, p. 623; 17 Cyc. 971. In Pennsylvania, a chose in action cannot be

taken in execution and sold on a fi. fa.   Troubat & Haly's Practice, § 975; Rhoads v. Megonigal, 2 Pa. 39; Tradesmen's B. & L. Ass'n v. Maher, 9 Pa. Super. Ct. 340.

Prior to Act June 16, 1836, § 32 (P. L. 767), a judgment creditor had no means of reaching that large class of property known as choses in action, and to remedy this the Legislature, by this act of 1836, provided a new writ, called an attachment execution, by which debts or claims in suit may be attached.   The law in Pennsylvania affords no means by which a judgment creditor could reach this claim in suit except by attachment.   It could not be levied upon and sold on a fi. fa., unless such a disposition of it was authorized by Act June 7, 1870 (P. L. 58).   By this act the Legislature authorized the officer to seize under this special fi. fa. and sell the "personal, mixed or real property, franchises and rights of such corporation," etc.   The language used in Act June 16, 1836, § 19 (P. L. 764), authorizing execution for the satisfaction of debt, is this: "May have execution * * * against * * * the estate * * * in the following order, to wit: (1) upon the personal estate of the defendant; (2) upon the real estate," etc.   It will be noticed that the words "personal estate" are used in this act, and the words "personal property" are used in the act of 1870.   "Choses in action" are not included in the first, and the latter cannot be regarded as a more comprehensive phrase.   The act of 1870 specifies in general terms what may be sold beside franchises.   It cannot be supposed the Legislature intended to include any other kind of property in the list to be sold on a fi. fa. in the act of 1870 by the use of the words "personal property" than it included by the use of the words "personal estate" in the act of 1836, and, in fact, the Supreme Court has said, in effect, that in neither case was it intended that a chose in action should be taken in execution and sold on a fi. fa.   There is the ordinary and the special fi. fa. authorized by the act of 1870, both of which serve a particular purpose under the act, and the different purpose for which each is used is clearly pointed out in an opinion of the state court, reported in 170 Pa. 1, 32 Atl. 539.   On page 8 of 170 Pa., the following appears:

"In the light of these cases, it seems quite clear that all the property of a corporation which can be properly considered to be goods, chattels, lands, or tenements is subject to execution in the ordinary way.   That such of its property, real or personal, as is necessary to the exercise of some public franchise, is to be regarded as forming a part of that franchise and is not subject to execution in the ordinary way, but can only be taken in the lump under the special writ provided by the act of 1870, and sold together to a purchaser or purchasers, whom the law now at least authorizes to exercise the franchises possessed by the corporation."

See, also, Reynolds v. Reynolds L. Co., 169 Pa. 626, 32 Atl. 537, 47 Am. St. Rep. 935.

A chose in action or claim in tort cannot be regarded in any sense as necessary to the exercise of a franchise of a mining company.   It belongs to the creditors of an insolvent corporation after its property, properly regarded as forming a part of the franchise, has been sold in lump, and in Pocono Ice Co. v. American Ice Co., 214 Pa. 640, 64 Atl. 398, the court says Act May 21, 1881 (P. L. 30), keeps the corporation in existence for the collection of these claims.   It is very easy

to see the reason for this view. Tangible and visible personal property can be sold with some degree of intelligence. The purchaser can ascertain with some certainty what he is buying, and he will bid the value, or near the value, of the property sold; but a "chose in action," and especially a claim for damages arising out of a tort, can in no way be valued by a purchaser, and, of course, could not be sold on a fi. fa. only at the greatest sacrifice. It would, indeed, be the sale of a "pig in the poke," and the purchaser would bid accordingly. The result would be a sacrifice of the property because of the uncertainty of value. This proceeding is a fair illustration of what injury may be done to creditors of an insolvent corporation, if the contention of the defendant be correct. Walls purchased the entire property sold for $40. This property, in addition to the franchises, according to the proceedings, and as finally returned by the sheriff, included the sale of "all choses in action, claims arising out of contract, tort, or penalties," etc., and upon this general description it is claimed this claim for damage arising out of an alleged violation of a United States statute at the time in suit in the federal courts passed to Walls, the purchaser at the sheriff's sale. The trustee in bankruptcy of plaintiff has recently collected more than $6,000 of "choses in action" existing at the time the sale was made, and, if the defendant's contention here be correct, these claims which have been collected, together with the claim in this suit, would belong to Walls, and all for $40. The creditors of the plaintiff, who, even with the $6,000, are not paid in full, would in that case get nothing. A construction of this act, working such a gross injustice to creditors, will not be adopted by this court, in the absence of a decision of the Supreme Court of the state giving it that force and effect. On the other hand, the court of last resort in Pennsylvania, in Hogg's Appeal, 88 Pa. 195, has said that a sale under this act of the "property and franchises" does not pass a "chose in action," and, since the sale in this case was had in the state court, the Supreme Court, in the case of Pocono Ice Co. v. American Ice Co., 214 Pa. 640, 64 Atl. 398, held that a corporation, after a sale of its "property and franchises" under this act, still exists for the collection of any debts due it.

It is urged that this is an attempt by a federal court in a collateral proceeding to review the action of the court of common pleas of Philadelphia, a state court. We do not so regard it. The proceeding, judgment, and records of the state court are entitled to full faith and credit in the federal courts, and cannot be reviewed collaterally here; but this is in no sense a review of the proceeding of the action of the state court, nor a collateral attack upon its proceeding or judgment. There is a question as to whether this claim in suit in the United States court could be levied upon and sold in the state court under a special fi. fa., authorized by the act of 1870, upon which "any personal, mixed or real property, franchises and rights" of a corporation may be sold, and we are following the decisions of the Supreme Court of the state in holding that this claim could not be so levied upon and sold.

Motion to strike this suit from the trial list must therefore be refused, and it is so ordered.