## Taylor v. Penrose Motor Company et al.

*R. J. McCracken*, for plaintiff; *B. K. Wolfe*, for defendants.

ALESSANDRONI, J., July 8, 1929.—The plaintiff brings a bill of complaint to compel the defendants to file an accounting of the assets and liabilities of the Penrose Motor Company prior to Nov. 1, 1925, and demanding that the plaintiff's claim as a creditor be set forth in the accounting. It is demanded that the defendant, Esslinger, be commanded to pay the plaintiff such sum as shall appear owing to her by the accounting. Upon consideration of the bill, answer to the bill, answers to interrogatories taken before a commissioner and the testimony produced on the hearing, the court makes the following

### Findings of fact.

1. The Penrose Motor Company is a corporation organized under the laws of Pennsylvania, engaged in the business of buying and selling automobiles and having a show-room and place of business at No. 3722 Walnut Street, Philadelphia, Pa., from some time prior to August, 1925, to May 12, 1926.

2. The defendant, George F. Esslinger, is president and treasurer of the Penrose Motor Company, owning one-half of the capital stock, and John F. Penrose is vice-president, owning the other half of the capital stock, and Benjamin N. Schwartz is the secretary. These individuals have been the only officers, directors and stockholders of the Penrose Motor Company since some time prior to August, 1925.

3. On Oct. 29, 1925, the plaintiff started suit against the Penrose Motor Company on a contract alleged to have been made with one Curry as agent, upon which the defendants denied liability.

4. On or about Dec. 1, 1925, the defendants held a meeting of the stockholders and directors. It appearing impossible to continue the business at a profit, they resolved to gradually liquidate the business of the company, pay its debts and wind up its affairs. In pursuance of this resolution, the defendants proceeded to liquidate their assets and by May 12, 1926, had completed the liquidation and closed the business.

5. Just prior to December, 1925, the defendant Esslinger advanced $7000 to the corporation as a loan in order to facilitate liquidation and obtain better prices for the assets. By means of this advance, creditors were paid and more money realized on the liquidation.

6. All the creditors of the Penrose Motor Company, except the plaintiff, were paid the full amount due them. The defendants refused to pay or consider plaintiff's claim, believing she had no legal right against them.

7. From time to time as the liquidation went on, advances made to the Penrose Motor Company by Penrose and by Esslinger were repaid in full. On Dec. 22, 1925, Penrose received $500. Esslinger received on account of advances made by him the following sums:

Dec. 16, 1925, $2000; Jan. 9, 1926, $1200; Jan. 15th, $400; March 15th, $100; March 30th, $750; April 12th, $25; April 15th, $25; April 16th, $70; April 21st, $50; May 12th, $350; May 28th, $30. Total, $5000.

8. On March 31, 1927, the plaintiff recovered a judgment in Common Pleas No. 1 of Philadelphia County, in her action against the Penrose Motor Company, in the sum of $1739.30, from which no appeal was taken and from which no appeal is now possible.

9. On June 30, 1927, the plaintiff issued a *fi. fa.* on the judgment against the Penrose Motor Company, which writ was returned by the sheriff, who stated that property of the Penrose Motor Company sufficient to satisfy the plaintiff's judgment could not be found.

10. The plaintiff thereupon brought this bill, but as Penrose and Schwartz were out of the jurisdiction they could not be joined as defendants.

11. No application has ever been made for the legal dissolution of the Penrose Motor Company nor for the appointment of a receiver for that purpose, nor has its existence been brought to an end by *quo warranto* proceedings or by expiration of its charter.

### Discussion.

The plaintiff contends that on the date when the officers and directors of the corporation resolved to liquidate the business of the corporation the Penrose Motor Company suffered "a legal death," and that the assets of the company immediately comprised a trust fund which was available for *pro rata* distribution amongst the creditors; and that the preferences accorded the other creditors of the Penrose Motor Company and the officers of the corporation were void as to the plaintiff.

At the time the directors of the Penrose Motor Company resolved to liquidate the business, money was advanced by Esslinger in order to effect a saving in the liquidation. Even under these circumstances insufficient funds were realized to pay all claims against the Penrose Company. Under the authority of Mueller *v.* Fire Clay Co., 183 Pa. 450, insolvency is defined as follows: "Insolvency generally signifies insufficiency of assets when turned into money to discharge existing indebtedness." Clearly, if by judicious liquidation the

funds realized from the sale of the assets were not sufficient to pay existing indebtedness, liquidation of an immediate nature would have resulted in greater insufficiency. It is, therefore, concluded that at the time liquidation was started the Penrose Motor Company was insolvent. The plaintiff has cited but one case in support of her contention that the Penrose Motor Company had suffered "a legal death," which is Pocono Ice Co. v. American Ice Co., 214 Pa. 640. This case merely decides that under the Act of May 21, 1881, a corporation can maintain or defend a suit even though its charter has expired or its property franchise had been sold under execution.

Neither situation .appears here. The property of the Penrose Motor Company was still in the hands of its officers and its charter had not expired nor had it been sold. A mere resolution to liquidate a business does not cause its legal death. It is still existent and its officers are not precluded from exercising their authority.

Under the authorities in Pennsylvania, a corporation may prefer creditors the same way that an individual can. As stated in Cowan v. The Pennsylvania Glass Co., 184 Pa. 1: "As long as a corporation held possession of its property, that is, before the appointment of a receiver, it might prefer creditors the same as an individual, with this distinction, that if the preferred creditor was an officer, the burden was on him to show that the preference was in all respects fair and conscionable, and that it was not collusive, for the mere purpose of preference, but under the circumstances was just." In the case of Mueller v. The Fire Clay Co., supra, it is stated: "It is the settled law of this Commonwealth, that an insolvent debtor, whether corporation or individual, may prefer bona fide creditors. . . ." Accord, Morawetz on "Corporations," § 787. The authorities are too numerous to quote to sustain the proposition that preferences given bona fide creditors are valid and legal. Therefore, as to the funds paid the bona fide creditors of the Penrose Motor Company, other than its officers, no objection can now be made by the plaintiff. She has no right to question such preferences, nor can she compel an accounting and share in such funds.

The real question involved in this case is found in the distribution of the remaining funds realized from the sale of the corporation's assets to the officers. The defendants felt that their defense to the plaintiff's action at law was reasonable and just and would result in a verdict in their favor. For that reason the claim of the plaintiff was not considered as an indebtedness of the Penrose Motor Company when its affairs were being settled. Unfortunately, this conclusion was erroneous and the judgment obtained by the plaintiff against the Penrose Motor Company firmly establishes her status as a creditor of the corporation at the time liquidation was started.

The question, therefore, is, may the officers of a corporation, who are also its creditors, prefer their claims to those of another creditor of the corporation? There is no doubt that Penrose and Esslinger acted in good faith in applying the balance of the funds realized to their accounts. As to the $500 obtained by Penrose, he is not made a party to this suit, and, therefore, cannot be compelled to account. There being no evidence of negligence or mala fides on the part of Esslinger, he cannot be held liable to account for the $500 paid to Penrose. The sole question in this case is concerned with the $5000 paid to Esslinger on account of his advance. In the case of Hill v. Standard Telep. Manuf. Co., 198 Pa. 446, a factual situation almost identical to that involved in the case at bar arose. The directors voted to confess judgment to themselves and make payment by a conveyance of the property of the corporation. The directors were ordered to file an accounting, on the ground that the

property was held in trust for all the creditors. In Pangburn v. The American Vault Co., 205 Pa. 83, the directors of a solvent corporation advanced money to the corporation for the purpose of paying an obligation of the company without any understanding or agreement that they were to be protected, and it was held that later, when the company was insolvent and they had knowledge of it, they could not secure a priority over general creditors. The directors of the corporation in that case relied on the authority of Cowan v. The Pennsylvania Glass Co., 184 Pa. 1, and were not supported. Esslinger in this case relies upon the same authority, but the Cowan case simply decided that where a director advanced money to a corporation on condition that his claim should be preferred, the preference will not be disturbed, although it afterwards proves that the corporation was insolvent at the time. The decision rests on the theory that a preference under such circumstances is fair.

In the case at bar, there was no such understanding and Esslinger had no legal authority or justification for preferring his claim to that of the plaintiff, regardless of the bona fides of the motive of Esslinger. He is simply a creditor of the corporation and under the authorities cannot prefer his claim. In Moller v. The Fibre Co., 187 Pa. 553, the directors of an insolvent corporation, by means of an assignment, preferred their claims to those of other judgment creditors. The court stated: "No case has come under our notice in which a director and creditor of an insolvent corporation has been allowed by his own vote to obtain a preference for his claim over the claims of other creditors. The weight of authority in this country is certainly against such a preference."

This view is supported by Mueller v. The Fire Clay Co., supra, and Kersteter's Appeal, 149 Pa. 148, 154. The only exception to this rule that is found in the Pennsylvania authorities is the situation presented in Cowan v. The Penna. Glass Co., supra, and in that case, as shown above, the advance made was with the distinct understanding that the director so advancing the money was to receive a preference. No such understanding appears in this case, and the defendant Esslinger must, therefore, file an accounting showing the money due him and the money repaid, so that he may share pro rata with the plaintiff. Any other decision would create a dangerous precedent.

All of the seventeen requests for findings of fact presented on behalf of the plaintiff are affirmed. Of the eight requests for conclusions of law presented on behalf of the plaintiff, the 1st, 2nd, 3rd, 4th, 5th, 7th and 8th are affirmed. The 6th is refused.

The following requests for findings of fact presented on behalf of the defendant are affirmed: 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th. The following are refused: 11th, 12th and 13th. Of the four requests for conclusions of law presented on behalf of the defendant, the following are affirmed: 1st and 2nd. The 3rd and 4th are refused.

## Conclusions of law.

1. A corporation has the right to prefer its creditors the same as an individual, and, therefore, the preferences given to the creditors of the Penrose Motor Company were proper and according to law.

2. Officers of a corporation who are general creditors of a corporation may not prefer their claims to those of the corporation's general creditors.

3. The plaintiff was a creditor of the corporation at the time liquidation started and has a right to share with the officers of the Penrose Motor Company in the balance of its assets which were applied on account of the balance due Esslinger.

4. The sum of $5000 repaid to Esslinger comprises a trust fund in which Esslinger and the unpaid creditors of the Penrose Motor Company must share *pro rata*.

5. That Esslinger is liable to account individually to the plaintiff for her proper share of the assets of the Penrose Motor Company.

6. That the defendants pay the costs of this proceeding. ·

It is ordered, adjudged and decreed that George F. Esslinger file a full, just, complete and true account of the assets, liabilities, receipts and disbursements of the said Penrose Motor Company, commencing at the last financial statement made by its treasurer prior to Nov. 1, 1925, in which the claim of Thalia C. Taylor shall be included, the amount of the judgment obtained by her, together with interest and costs to the date of such account. That, upon the ascertainment of the amount due the said Thalia C. Taylor, as aforesaid, the said George F. Esslinger is hereby ordered and directed to pay forthwith such sum as in said account shall appear to be due her. It is further ordered that the said account be filed within thirty days from the entry hereof.